**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DAVID ANDREW RODRIGUEZ,**

    **Plaintiff,**

vs.                                         **CASE NO. 4:07CV69-MMP/AK**

**WILLIAM BALKWILL, et al,**

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se,* has filed a complaint under 42 U.S.C. §1983 against the sheriff and others at the Sarasota County Jail. (Doc. 1). Plaintiff's residence is at the Sarasota County Jail and in a letter attached to the complaint he asserts that he meant to file the complaint in Ft. Myers, but did not have the address, so he wishes it transferred. (Doc. 2). Actually, the United States District Court for the Middle District of Florida, Tampa Division, is the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b).

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." A court may raise the issue of defective venue *sua sponte*, but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond. Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988). The Lipofsky court did not place the same limitations on the court's ability to transfer a case to the appropriate forum pursuant to 28 U.S.C. § 1404(a). *See* Lipofsky, 861 F.2d at

1259, n. 2.  Thus, it is recommended that the case be transferred rather than dismissed. There is no need for a hearing on this transfer.  *Cf.* Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) *with* Starnes v. McGuire, 512 F.2d 918, 934 (D.C. Cir. 1974).

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States District Court for the Middle District of Florida, Tampa Division, for all further proceedings.

**IN CHAMBERS** at Gainesville, Florida, this *20th* day of March, 2007.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.